JESSIE P. FOWLER, Appellee, v. STONER-McCRAY SYSTEM, Appellant.

**EVIDENCE:** Competency—Fraudulent Representations. A principal who is sued for commissions due on contracts obtained by his agent may not prove his defense that the agent obtained the contracts by fraudulent representations by proof that, when the principal sued the parties to the contracts, they *pleaded* said defense, and that, without any adjudication, the claims were thereupon *compromised.*

*Appeal from Polk District Court.*—LESTER L. THOMPSON,
Judge.

MAY 8, 1923.

REHEARING DENIED SEPTEMBER 28, 1923.

ACTION at law, upon claim assigned to plaintiff by Leonard
Fowler for fees or compensation for the sale or transfer to de-
fendant of certain contracts procured by him from various mer-
chants for the erection of certain advertising signs. The nature
of the demand and of the business out of which it arises will be
explained, so far as necessary, in the opinion. There was a trial
to a jury, and verdict returned for plaintiff, by order of the
court. Defendant appeals.—*Affirmed on condition.*

*George Cosson, W. F. Maley,* and *Harold H. Newcomb,* for
appellant.

*C. J. Eller,* for appellee.

WEAVER, J.—The defendant corporation is engaged in the
business of outdoor advertising for merchants and other business
men. The plaintiff's husband, Leonard Fowler, is a solicitor
of such advertising. Under oral agreement between said parties,
Fowler undertook to secure contracts with various individuals
for advertising, to be done by painted signs or bulletins, and
defendant agreed that, if such contracts or orders were accepted
and approved on its part, it would take them over and execute
them, paying Fowler a commission at an agreed rate upon the
amounts represented by such contracts. In carrying on the
business thus arranged for, the defendant undertook to advance
or furnish to Fowler a weekly stipend, to apply upon his com-
missions and expenses. In alleged pursuance of this agreement,
Fowler went to Mason City, where he obtained a joint agreement
with a group of merchants for advertising on terms evidenced
by a writing signed by some 20 different persons. When this
contract was reported to defendant, the latter refused to accept
it, objecting to certain items therein, and especially to the group-
ing of several advertisers in one agreement. It is the claim of

plaintiff at this point that defendant then told Fowler that, if he would secure the separate contracts in approved form from the several members of the group named in the rejected order, it would accept them, and pay the promised commission. Fowler did procure separate contracts or orders, and turned them over to defendant, who accepted and undertook to fill them. The advertising signs were made, and sent to Mason City, where they were posted, or delivered to the proper parties, with a possible exception or two. It is for a remainder alleged to be due and unpaid to Fowler on commissions so earned that a recovery is demanded.

Without stopping to go into the evidence, it may here be said that such commissions have not been paid in full, and, if the defenses pleaded and relied upon by Stoner-McCray are to be disregarded or are overruled, there is a balance due on said account. The troublesome question in the case is whether there is evidence in support of the defense and counterclaim which appellant was entitled to have submitted to the jury. Briefly stated, the counterclaim is to the effect that Fowler, in obtaining these contracts, wrongfully and in violation of defendant's instructions, made false, fraudulent, and misleading representations and promises to the advertisers, who relied thereon, and were thereby induced to make said contracts; and that, because of such frauds, the advertisers, or many of them, rescinded or sought to rescind the contracts, and, upon being sued thereon, made defenses resulting in a compromise by which defendant sustained a loss in excess of the sum unpaid on Fowler's commission.

If Fowler did, in fact, exceed the authority given him, and perpetrate a fraud upon the advertisers, thereby affording them a valid ground for refusing to perform on their part, thus causing injury or loss to the defendant, his liability for damages so resulting to defendant would not be open to doubt; but the defect in the defense or counterclaim as here presented is in the failure of evidence to sustain the allegation. It is true that the advertisers did resist payment of the defendant's demand upon said contracts, and, being sued, pleaded the alleged fraud and misrepresentation; but such charge was never adjudicated, and the issues thereon never came to trial. The defendant volun-

tarily yielded or abandoned a part of the contract price, and the
advertisers compromised by paying the remainder.   The fact
that such defense was made and the dispute adjusted by com-
promise constitutes neither evidence nor presumption that the
alleged fraud was committed, and the burden of showing such
fraud in this case was necessarily on the party pleading it.   The
showing in this respect is very weak, and does not, in our judg-
ment, make a case on which the jury would have been justified
in assessing damages upon the counterclaim.   The alleged false
representations, as summarized by appellant's counsel in argu-
ment, are, in substance, that "the advertising would be of the
highest De Luxe type, with four paintings a year for three years,
and that new steel would be used in the construction of the
boards."   It is alleged that old steel was, in fact, used, and that
the paintings were not of a high type of advertising art.   That
these steel boards so to be used were at all times to remain the
property of defendant, and were not new, but were old boards,
painted over, appears to be admitted; but the record contains
not the slightest suggestion of evidence as to the damage result-
ing therefrom, either to the advertisers or to the defendant, nor
do counsel suggest any proper or sufficient measure of such
damage, if any there was; and this court is not sufficiently ad-
vanced in art criticism to take judicial notice of just what is
comprehended in the sounding phrase "highest De Luxe type,"
as applied to sign painting.   And neither counsel nor witnesses
have undertaken to enlighten us.

As defendant itself undertook to fill the contracts, and fur-
nished the materials and the mechanics and artists who con-
structed and ornamented the signs, and as it claims that the
materials furnished were of the proper kind and quality, and
its employees competent and skilled in such work, and that they
did, in fact, perform their contracts with fidelity, it seems clear
that, in the absence of proof of any consequential damages of a
measurable character to the defendant, there was no error in
directing a verdict for the agreed commissions, to the extent
that the evidence is undisputed.

Looking to the verdict as ordered and returned, it appears
that commissions were allowed on all the contracts procured by
Fowler, 20 in number.   An examination of the records leads us

to the conclusion that the recovery so ordered is excessive, and should be reduced by the items of alleged commission upon two of the contracts concerning which the record is not clear. The alleged contract price in one of these instances is alleged to have been made with Shipley-Black & Company, for $1,080, and the other upon contract with the Mason City Laundry Company, for $295.70. The commissions allowed on these sums, aggregating $275.14, should be eliminated. If, therefore, the appellee shall, within 20 days after the filing of this opinion, signify in writing, filed with the clerk of this court, her consent to remit said last mentioned sum from the amount of the verdict ordered in her favor, the judgment appealed from will stand affirmed, as so modified; otherwise, the judgment will be reversed, and cause remanded for new trial. The costs of the appeal will be apportioned, one fourth to be paid by the appellee, and three fourths by the appellant. Plaintiff's motions to affirm, to strike, and to tax costs are each denied.—*Affirmed on condition.*

PRESTON, C. J., STEVENS and DE GRAFF, JJ., concur.